Herbert F. **WALSH**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13538.

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1964.

Raymond A. Trapp, Ponca City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Herbert F. Walsh, was convicted, in the County Court of Kay County, Oklahoma, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, and appeals.

The sole assignment of error presented on appeal is that the trial court erred in instructing the jury, over the objection of defendant that:

"You are instructed that under the law a person may be guilty of operating a motor vehicle while under the influence of intoxicating liquor whether it be caused from drinking beer with an alcoholic content of 3.2% alcohol, measured by volume, or whiskey or liquor with an alcohol content in excess thereof. You are further instructed in this connection that you do not have to find the defendant hopelessly intoxicated."

It is the contention of the defendant that while it would be proper for the County Attorney to argue to the jury that a person may become intoxicated by drinking 3.2% beer and it would have been proper for the County Attorney to argue to the jury that it was not necessary for them to find that the defendant was hopelessly intoxicated; incorporation of these statements in the courts instructions amounted to a comment on the evidence by the court and an invasion of the province of the jury.

It is the position of the State that since the defendant does not argue that the above is an incorrect statement of law, but merely that it is an improper comment or stress upon particular evidence, and there being no record of the evidence adduced at the trial, it is impossible to determine on appeal, whether this statement of law was applicable to the evidence; and that the absence of such a record the Court of Criminal Appeals should not presume that the defendant was prejudiced.

Title 22 O.S.A. § 1068, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this State in any case, civil or criminal, on the ground or *misdirection of the jury* or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." R.L.1910 § 6005. (Emphasis ours.)

Since the record does not contain the evidence adduced at the trial we cannot conscientiously say that the instruction complained of resulted in a miscarriage of justice or violates a constitutional or statutory right of the accused. The Judgment and Sentence appealed from is affirmed.

JOHNSON, P. J., and NIX, J., concur.